UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YUYAN LIN,

                          Plaintiff,

- against -

AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC,

                         Defendants.

Docket No.: 21-cv-6203

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Yuyan Lin ("Plaintiff"), by her attorneys, Virginia & Ambinder, LLP, alleges upon knowledge as to herself and upon information and belief:

**PRELIMINARY STATEMENT**

1. This action is brought against Defendants AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC ("Defendants" or "Amazon") for violations of the New York City Human Rights Law, Administrative Code of the City of New York § 8-101 *et seq.* ("NYCHRL") and the New York State Human Rights Law, Executive Law § 296 *et seq.* (hereinafter "NYSHRL") by failing to reasonably accommodate Plaintiff's requests for lighter duty following her return from maternity leave.

2. Plaintiff repeatedly complained to her managers about being in pain from having to lift heavy items, she was noticeably in pain, and her managers knew or reasonably should have known that Plaintiff had recently given birth and was returning from parental leave.

3. Rather than offering accommodations to Plaintiff, her managers chastised her for her alleged decrease in productivity. These managers knew, or reasonably should have known, that to the extent Plaintiff's productivity waned, the production decrease

was due to the pain she was experiencing, which limited her ability to work as fast as she once did.

4. However, her complaints—and specifically her requests to be transferred to a lighter duty assignment because she just returned from maternity leave—were ignored. Nevertheless, Plaintiff continued to work as directed, lifting items that were far too heavy for someone in her condition, until she was so injured that she could no longer work and had difficulty holding her baby who was less than one years old.

5. The injuries Plaintiff sustained as a result of Defendants' failure to accommodate her requests for lighter duty continue to impair her ability to function, work, and enjoy life on a day-to-day basis.

6. Accordingly, Plaintiff has initiated this action seeking loss of past and future earnings and benefits, compensatory damages, punitive damages, interest, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court is invoked pursuant to the 28 U.S.C. §§ 1332.

8. Plaintiff and Defendants are citizens of different states.

9. The matter in controversy far exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10. Venue for bringing this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in Staten Island, New York, which is within the Eastern District of New York.

11. Plaintiff demands that a jury trial be held for this action.

## PARTIES

12. Plaintiff Yuyan Lin is a resident of the State of New Jersey.

13. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington, and conducts business in New York.

14. Defendant Amazon.com Services LLC (formerly known as Amazon.com Services, Inc.) is a Delaware limited liability company registered to do business in New York, and conducts business in New York.

15. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the NYSHRL and NYCHRL.

16. Defendants employed and/or jointly employed Plaintiff.

17. Employment records provided to Plaintiff, such as those relating to her workers' compensation claim, identify Defendant "Amazon.com, Inc." as her "employer."

18. Plaintiff's paystubs identified Defendant "Amazon.com Services, Inc." until it changed its name and then her paystubs identified the entity "Amazon.com Services, LLC."

19. Defendants each employ more than 4 employees during all relevant times.

20. Defendants share responsibility over the terms and conditions of Plaintiff's employment, including the hiring of Plaintiff, her rate of pay, schedule, and policies and practices underlying leave, leave benefits, position transfers, and the implementation of Amazon's employment policies and practices applicable to Plaintiff.

## STATEMENT OF FACTS

21. Plaintiff was hired to work at Amazon as a Fulfilment Associate in approximately November 2018.

22. She was employed at the Amazon Fulfillment Center located in Staten Island, New York, also known as JFK8.

23. When Plaintiff was first hired by Amazon, she worked as a Single-Pack Packer.

24. Plaintiff was paid approximately $20.00 per hour.

25. As a Single-Pack Packer, Plaintiff was one of the top performers in her group, particularly during the holiday season.

26. Plaintiff was approved for maternity leave under Amazon's Maternity and Parental Leave Program from in or about January 2019 through March 30, 2019.

27. Plaintiff returned to work as a Single-Pack Packer on April 1, 2019.

28. Due to childcare scheduling conflicts, Plaintiff applied for a transfer to a different position that could accommodate her schedule.

29. In April 2019, Plaintiff was offered a position as a Picker.

30. Plaintiff attended the training for the Picker position.

31. At the time of the training, Plaintiff believed she could perform all duties of the job without any accommodation.

32. When she first started working as a Picker in or about April 2019, she was assigned to a manager named Rafael.

33. As a Picker, Plaintiff was expected to pick at least 400 items per hour.

34. When Plaintiff first started working as a Picker, Plaintiff was exceeding expectations, picking approximately 400 to 550 items per hour.

35. In or about her second or third week as a Picker, Plaintiff was assigned to work on the first floor.

36. The items on the first floor are significantly heavier than the items on other floors.

37. During her lunch break on the first day she was assigned to the first floor, Plaintiff spoke with her manager, Rafael, and told him that she was in pain because the items on the first floor are too heavy for her and requested to be assigned to lighter duty on other floors.

38. In response, Rafael told Plaintiff that she is needed on the first floor and that he cannot modify the schedule.

39. Plaintiff completed the day but was in pain from the heavy lifting.

40. The following day Plaintiff was again assigned to the first floor.

41. During the pre-shift meeting, Plaintiff approached Rafael and again requested to work on a different floor. During this meeting, Plaintiff specifically told Rafael that she had just come back from maternity leave and cannot lift the items on the first floor because they are too heavy and cause her pain.

42. In response, Rafael said that he needs her to work on the first floor today, but that she won't always be scheduled for the first floor and promised that Plaintiff would not be scheduled for the first floor the following week.

43. Approximately one week after this conversation, Plaintiff was informed that she was reassigned a new manager named Tommy.

44. Plaintiff did not request a reassignment to Tommy's team.

45. By the time Plaintiff was assigned to Tommy's team, she was experiencing regular pain due to the heavy lifting.

46. Plaintiff's pain impacted her work performance.

47. On several occasions, Tommy approached Plaintiff to tell her that her performance was behind. Then Plaintiff would tell Tommy that she could not work faster or lift

5

the heavy items because she felt weak. In response, Tommy told Plaintiff that she needs to catch up.

48. Since April 2019, Plaintiff repeatedly applied for lighter duty positions through the internal transfer system on Amazon A to Z but her requests were always denied.

49. There were instances where the Packer Flow Manager needed additional Packers. Plaintiff had a Packer certification. Occasionally, Plaintiff would get called to do the packing work. Tommy was displeased when Plaintiff would do the packing work.

50. Plaintiff's co-workers noticed that Plaintiff was regularly in pain and struggling and suggested that Plaintiff request training to work as a Counter—a lighter duty role within the Picker department.

51. Plaintiff requested and was accepted to perform training to do Counting work in or about June 2019.

52. Plaintiff showed up to the training and signed in. Just as the training was about to start, a female manager removed her from the training and instructed Plaintiff to go do picking work.

53. Plaintiff was brought to the station of that female manager where her team does the pre-shift meeting. At that station, Plaintiff overheard the female manager and her assistant saying that Tommy wanted Plaintiff back.

54. Plaintiff's condition, consisting predominantly of back pain, substantially limits her major life activities, and qualifies as a disability and a medical condition related to pregnancy and/or childbirth under the NYSHRL and NYCHRL.

55. Plaintiff sustained an on-going medical and physical impairment, and maintains a history and record of such impairment.

56. Upon the provision of reasonable accommodations, Plaintiff could perform the essential functions of her job.

57. Upon information and belief, Defendants intentionally targeted Plaintiff and removed her from the Counting training in retaliation for complaining because of her protected status as a person with a disability and/or perceived disability, because of her recent maternity leave, and because of her requests for an accommodation to a lighter duty assignment.

58. Plaintiff's accommodation requests were reasonable and posed no undue burden on Defendants.

59. Defendants failed to engage in a good faith interactive dialogue with Plaintiff to assess her needs and the reasonableness of her accommodation requests.

60. In or about July 2019, a Process Assistant from an Amazon Fulfillment Center in Connecticut was temporarily assigned to Plaintiff's Fulfillment Center (JFK8). This Process Assistant noticed that Plaintiff's performance was low and came to speak with her about it. During the conversation, he told Plaintiff that he noticed she had just come back from maternity leave and she should speak to one of her supervisors to request a lighter duty assignment.

61. The next day, Plaintiff went to speak with her Process Assistant, Nicholas. She told Nicholas about her conversation with the Process Assistant from the Connecticut Fulfillment Center and asked Nicholas if she could be assigned to a lighter duty position because she just came back from maternity leave, she had significant pain in her back, and the items she was instructed to lift on the first floor were too heavy and causing her increased pain.

62. In response, Nicholas denied her request and said the lighter duty position is for limited selected people.

63. While actively working on Tommy's team between approximately May and August 2019, Plaintiff continued to be assigned to the first floor.

64. When Plaintiff was first assigned to the first floor by Tommy, Plaintiff told Tommy the items on the first floor, like swimming pools and copy machines, are too heavy for her and requested to work on other floors with lighter items. In response, Tommy told Plaintiff that this is where you were assigned and you need to be there today.

65. Then when Plaintiff was assigned to the first floor after that, she refused and would go to a different floor and start working. Nicholas would then come and direct Plaintiff to go work on the first floor. In response, Plaintiff told Nicholas that she could not work the first floor because the items are too heavy, her arms are too sore, and she was in too much pain. Nicholas would beg her to go work the first floor, and then Plaintiff would comply.

66. In August 2019, Plaintiff could no longer stand because she was in so much pain.

67. Plaintiff told her manager that she was going to the Fulfillment Center's medical room, M-Care, due to the extraordinary pain.

68. Plaintiff went to M-Care for approximately a week, receiving treatment for the pain before going back to work that day.

69. Plaintiff was subsequently referred externally for a medical evaluation, where the doctor recommended that she not return to work due to her injuries.

70. At all relevant times, Defendants knew that Plaintiff had returned from Maternity on or about April 1, 2021.

71. At all relevant times, Defendants' employment records reflected that Plaintiff was out on maternity leave.

72. At all relevant times, Defendants' employment records reflected the date Plaintiff returned from maternity leave.

73. At all relevant times, Plaintiff's manager Rafael had access to Plaintiff's employment records that reflected her return from maternity leave in or about April 1, 2021.

74. At all relevant times, Plaintiff's manager Tommy had access to Plaintiff's employment records that reflected her return from maternity leave in or about April 1, 2021.

75. At all relevant times, Plaintiff's Process Assistant, Nicholas, had access to Plaintiff's employment records that reflected her return from maternity leave in or about April 1, 2021.

76. Defendants had knowledge that Plaintiff's declining performance was due to physical pain Plaintiff was experiencing.

77. Defendants knew or should have known that Plaintiff's physical pain was due to lifting heavy items following her return to work from giving birth to a child.

78. Defendants knew or should have known that Plaintiff was in need of a lighter duty assignment because she had just given birth to a child.

79. Defendants ignored Plaintiff's complaints, made on two different occasions, that she is experiencing pain from lifting the heavy items and expressly requested to be placed in a lighter duty assignment specifically because she had recently given birth to a child.

80. Defendants ignored Plaintiff's multiple express complaints for lighter duty due to the pain she was experiencing from repeated lifting of heavy items.

81. Except for the Process Assistant from Connecticut, Defendants made no attempt to engage in any dialogue with Plaintiff to understand her request for lighter duty despite

knowing that she was in pain, that the pain was affecting her job performance, and that she had just given birth to a child and was returning from maternity leave.

82. Nor did Defendants present any alternatives or explanation for how the requested accommodations caused them to suffer an undue burden.

83. Defendants made no attempt to procure a lighter duty position for Plaintiff or to make any other reasonable accommodation.

84. Upon information and belief, Defendants interfered with Plaintiff's attempt to procure a lighter duty assignment by removing her from the Counting training.

85. Plaintiff was treated less well than her co-workers who did not have a disability and were not returning from maternity leave after giving birth.

86. For example, Defendants granted the requests of at least two co-workers who, upon information and belief, did not have a disability and did not recently return from maternity leave after childbirth to transfer to lighter duty work.

87. As a result of Defendants' failure to accommodate, Plaintiff suffered and continues to suffer from significant and lasting physical pain in her lower back and neck. Among other impairments, Plaintiff has and continues to have difficulty sitting and standing for long periods, walking for long periods, and lifting anything heavy. Plaintiff has and continues to have difficulty holding her child, who, at the time Plaintiff was injured was under one year old. Plaintiff suffered and continues to suffer from decreased range of movement in her back and neck and severe muscle spasms. The injuries Plaintiff sustained have and continue to impair Plaintiff's ability to enjoy life on a day-to-day basis.

88. Plaintiff has suffered, and continues to suffer, emotional distress, embarrassment, humiliation, stress, and anxiety.

89. Plaintiff has suffered economic damages including but not limited to lost past and future earnings.

90. Plaintiff seeks the recovery of all damages available to her under the law, including compensatory damages, punitive damages, and all economic damages including lost benefits, backpay, and front pay, plus interest, attorneys' fees and costs.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
PURSUANT TO NEW YORK CITY HUMAN RIGHTS LAW
FAILURE TO ACCOMMODATE
<u>PREGNANCY AND RELATED MEDICAL CONDITIONS</u>**

91. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

92. Pursuant to NYC Admin. Code § 8-107(22)(a), "It shall be an unlawful discriminatory practice for an employer to refuse to provide reasonable accommodation, as defined in section 8-102, to the needs of an employee for the employee's pregnancy, childbirth, or related medical condition that will allow the employee to perform the essential requisites of the job, provided that such employee's pregnancy, childbirth, or related medical condition is known or should have been known by the employer."

93. Defendants knowingly and willingly violated Plaintiff's statutory rights under the NYCHRL, by failing to provide Plaintiff with reasonable accommodations for Plaintiff's pregnancy related medical conditions and by failing to engage in the process to determine a reasonable accommodation for Plaintiff's pregnancy related medical conditions.

94. Defendants' actions were undertaken in conscious disregard of Plaintiff's rights and violate the NYCHRL.

95. Based on the foregoing, Defendants are liable to Plaintiff in an amount to be determined at trial, for all damages permitted under the law including but not limited to

11

compensatory damages, punitive damages, back pay, front pay, interest, attorneys fees, and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: PURSUANT TO NEW YORK CITY HUMAN RIGHTS LAW
### FAILURE TO ACCOMMODATE DISABILITY

96. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

97. Pursuant to the NYC Admin. Code § 8-107(15)(a), Defendants "shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job…provided that the disability is known or should have been known by the covered entity."

98. Defendants had actual or constructive notice of Plaintiff's disability.

99. Defendants knowingly and willingly violated Plaintiff's statutory rights under the NYSHRL, by failing to provide Plaintiff with reasonable accommodations for Plaintiff's pregnancy related medical conditions and by failing to engage in the process to determine a reasonable accommodation for Plaintiff's pregnancy related medical conditions.

100. Defendants' actions constitute violations of the New York City Human Rights Law.

101. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, including but not limited to compensatory damages, back pay, front pay, punitive damages, interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: PURSUANT TO NEW YORK CITY HUMAN RIGHTS LAW
### RETALIATION

102. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

103. Pursuant to the NYCHRL, Admin. Code § 8-107(7) "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, (v) requested a reasonable accommodation under this chapter, or ([v]vi) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter."

104. Plaintiff engaged in protected activity under the NYCHRL by making reasonable accommodation requests, by complaining about the pain she was experiencing from Defendants' failure to accommodate her reasonable accommodation requests, and by attempting to procure a new position within the same Amazon Fulfillment Center.

105. Upon information and belief, Defendants were aware of Plaintiff's protected activity and her status as a person with a disability and/or perceived disability and her status as a person with a pregnancy related medical condition and/or perceived pregnancy related medical condition.

13

106. Defendants undertook an adverse employment action against Plaintiff by targeting Plaintiff and interfering with her ability to procure a different position through removing her from the Counting training.

107. Defendants further undertook an adverse employment action against Plaintiff by refusing to accommodate her requests, by refusing to engage in a good faith interactive process to assess Plaintiff's need for accommodations, and by treating her less well than other employees because of her status as a person with a disability and/or perceived disability and her status as a person with a pregnancy related medical condition and/or perceived pregnancy related medical condition.

108. Defendants' adverse employment actions were taken against Plaintiff because she requested reasonable accommodations, complained about the pain she was experiencing from Defendants' failure to accommodate her reasonable accommodation requests, and attempted to procure a new position within the same Amazon Fulfillment Center.

109. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

110. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, for all damages permitted under the law including but not limited to compensatory damages, punitive damages, back pay, front pay, interest, attorneys fees, and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
### PURSUANT TO NEW YORK STATE HUMAN RIGHTS LAW
### FAILURE TO ACCOMMODATE
### DISABILITY AND PREGNANCY-RELATED CONDITIONS

111. Plaintiff repeats and re-alleges the allegations in the preceding paragraphs.

112. Pursuant to NYSHRL, Exec. Law § 296(3)(a), "It shall be an unlawful discriminatory practice for an employer . . . to refuse to provide reasonable accommodations to

14

the known disabilities, or pregnancy-related conditions, of an employee . . . in connection with a job or occupation sought or held. . . ."

113. Defendants knowingly and willingly violated Plaintiff's statutory rights under the NYSHRL, by failing to provide Plaintiff with reasonable accommodations for Plaintiff's pregnancy related condition and by failing to engage in the process to determine a reasonable accommodation for Plaintiff's pregnancy related medical conditions.

114. Defendants knowingly and willingly violated Plaintiff's statutory rights under the NYSHRL, by failing to provide Plaintiff with reasonable accommodations for Plaintiff's disability and by failing to engage in the process to determine a reasonable accommodation for Plaintiff's disability.

115. Defendants' actions were undertaken in conscious disregard of Plaintiff's rights and violate the NYSHRL.

116. Based on the foregoing, Defendants are liable to Plaintiff in an amount to be determined at trial, for all damages permitted under the law including but not limited to compensatory damages, punitive damages, back pay, front pay, interest, attorneys fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: PURSUANT TO NEW YORK STATE HUMAN RIGHTS LAW RETALIATION

117. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraph.

118. Pursuant to the NYSHRL, Exec. Law § 296(7), "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices

forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

119. Plaintiff engaged in protected activity under the NYSHRL by making reasonable accommodation requests, by complaining about the pain she was experiencing from Defendants failure to accommodate her reasonable accommodation requests, and by attempting to procure a new position within the same Amazon Fulfillment Center.

120. Upon information and belief, Defendants were aware of Plaintiff's protected activity and her status as a person with a disability and/or perceived disability and her status as a person with a pregnancy related medical condition and/or perceived pregnancy related medical condition.

121. Defendants undertook an adverse employment action against Plaintiff by targeting Plaintiff and interfering with her ability to procure a different position through removing her from the Counting training.

122. Defendants further undertook an adverse employment action against Plaintiff by refusing to accommodate her requests, by refusing to engage in a good faith interactive process to assess Plaintiff's need for accommodations, and by treating her less well than other employees because of her status as a person with a disability and/or perceived disability and her status as a person with a pregnancy related medical condition and/or perceived pregnancy related medical condition.

123. Defendants' adverse employment actions were taken against Plaintiff because she requested reasonable accommodations, she complained about the pain she was experiencing from Defendants' failure to accommodate her reasonable accommodation requests, and she attempted to procure a new position within the same Amazon Fulfillment Center.

124. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

125. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, for all damages permitted under the law including but not limited to compensatory damages, punitive damages, back pay, front pay, interest, attorneys fees, and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1) on her first cause of action against Defendants in an amount to be determined at trial, plus attorneys' fees and costs;

(2) on her second cause of action against Defendants, in an amount to be determined at trial, plus attorneys' fees and costs;

(3) on her third cause of action against Defendants, in an amount to be determined at trial, plus attorneys' fees and costs;

(4) on her fourth cause of action against Defendants, in an amount to be determined at trial, plus attorneys' fees and costs;

(5) on her fifth cause of action against Defendants, in an amount to be determined at trial, plus attorneys' fees and costs;

(6) such other and further relief the Court deems just and proper.

Dated: New York, New York
November 8, 2021

**VIRGINIA & AMBINDER, LLP**

By: /s/Jack L. Newhouse
Jack L. Newhouse, Esq.
40 Broad St., 7th Floor
New York, New York 10004
(212) 943-9080
jnewehouse@vandallp.com
*Attorneys for Plaintiff*

17