

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
efreedberg@littler.com

July 14, 2022

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Yuyan Lin v. Amazon.com, Inc., et ano.</u>, No. 21 CV 6203 (KAM) (JRC)

Dear Judge Matsumoto:

This firm represents Amazon.com Services, LLC ("Defendant" or "Amazon") in the above-referenced matter.[1] On July 7, 2022 Plaintiff filed a notice to the Court requesting leave to file a motion to amend her complaint. In the notice, Plaintiff totally and completely disavowed her claims that are currently pending against Amazon. Specifically she told the court the "[t]here is no factual discrimination content or issue in this case." (Dkt. No. 16). Accordingly, Defendant writes to request that the Court enter an order *sua sponte* dismissing the Plaintiff's discrimination complaint against Amazon. In the alternative, Amazon respectfully requests a pre-motion conference concerning Defendant's contemplated Rule 12(b)(6) motion to dismiss.

Some brief background is required to explain the unique procedural posture in this Action. Plaintiff, through counsel, filed her initial complaint in November of 2021. Plaintiff's initial complaint alleged five causes of action for: (i) an alleged violation of the New York City Human Rights Law ("NYCHRL") for failing to accommodate Plaintiff's alleged pregnancy and related medical conditions, (ii) an alleged violation of the NYCHRL for failing to accommodate Plaintiff's alleged disability, (iii) an alleged violation of the NYCHRL for allegedly retaliating against Plaintiff, (iv) an alleged violation of the New York State Human Rights Law ("NYSHRL") for failing to accommodate Plaintiff's alleged pregnancy and related medical conditions, and (v) an alleged violation of the NYSHRL for allegedly retaliating against Plaintiff.

In response to the complaint, Amazon indicated that it intended to file a motion to dismiss, and the Court held a pre-motion conference to discuss the grounds of the contemplated motion. During the pre-motion conference, the Court's recommended that Plaintiff's amend the complaint to cure some defects within the original complaint and also ordered the parties to attend a settlement conference before Judge Marcia M. Henry. After the pre-motion conference, Plaintiff, again through counsel, filed an amended complaint that purported to cure the defects the Court raised in the pre-motion conference. Nevertheless, the amended complaint asserted the same five causes of action that appeared in the initial complaint. Based on the Court's representations during the pre-motion conference, Amazon decided to answer the complaint rather than renew its motion to dismiss.

---

[1] Amazon.com, Inc. is mis-named as a party to this action.

Shortly after Plaintiff filed her amended complaint, Virginia & Ambinder, LLP, the law firm that had been representing Plaintiff, filed a motion to withdraw as counsel to Plaintiff (Dkt. No. 16). On May 17, 2022, Judge Henry held a conference to discuss the motion to withdraw and held an *ex parte* hearing to discuss the application, which she ultimately granted.

Pursuant to this Court's Order, Amazon ultimately attended the settlement conference along with Plaintiff, who was now appearing in a *pro se* capacity, and the settlement conference was unsuccessful. Immediately following the settlement conference, Plaintiff filed an incendiary letter to the Court in which she admitted that:

> 1. The previous Amended Complaint submitted by plaintiff's attorney Jack Newhouse was not based on plaintiff's request and did not reflect plaintiff's will.
>
> 2. There is no factual discrimination content or issue in this case. The category marked as "Job discrimination" by plaintiff's attorney Jack Newhouse was wrong.

(Dkt. No. 16). Plaintiff has now represented to the Court that Amazon did not subject her to discrimination. She further stipulates that she is not asserting any discrimination claims against Amazon. In other words, she has utterly and completely disavowed the current claims pending against Amazon. Based on these admissions, we respectfully ask the Court to enter an Order dismissing all claims asserted by Plaintiff in the amended complaint with prejudice.

Furthermore, Plaintiff also appears to accuse her former counsel of fabricating the claim that Amazon discriminated against Plaintiff and that it did so without her knowledge, permission and consent. Under these circumstances, we ask the Court to enter an Order to Show Cause against Virginia & Ambinder, LLP requiring them to demonstrate how it fulfilled its obligations under Rule 11 of the Federal Rules of Civil Procedure.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/
Eli Z. Freedberg
Gary Moy
*Attorneys for Defendant*

Cc: Counsel of record (via ECF)