

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
efreedberg@littler.com

August 12, 2022

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Yuyan Lin v. Amazon.com, Inc., et ano.</u>, No. 21 CV 6203 (KAM) (MMH)

Dear Judge Matsumoto:

This firm represents Amazon.com Services, LLC ("Defendant" or "Amazon") in the above-referenced matter.[1] Defendant writes pursuant to the Court's Order, dated July 21, 2022, to respectfully (i) advise the Court that it intends to proceed with a Rule 12(b)(6) motion to dismiss the Second Amended Complaint ("SAC") and (ii) request a pre-motion conference. The SAC further reinforces the critical deficiency afflicting Plaintiff's pleadings from the outset of this action: Plaintiff fails allege the existence of a disability requiring an accommodation. Plaintiff cites only the fact that she gave birth and literature stating that pregnancy *may* affect women's body during and after childbirth during a three-phase postpartum period. But Plaintiff alleges *no pregnancy-related impairment*, and the postpartum period does not itself constitute a disability. Instead, Plaintiff complains about the inherent labor-intensity nature of the position, which she opines that no persons could perform except athletes. In other words, Plaintiff's disability claim is simply a cleverly couched workplace injury complaint, which cannot be heard by this court, but rather must be heard before the workers' compensation board. Plaintiff's accommodation claims, as well as her procedurally barred claim of negligence, should be dismissed.

**I.    Background**

Plaintiff began her employment with Amazon in November 2018, when she was already visibly pregnant, as a Single-Pack Packer at Amazon Fulfillment Center, JFK8, in Staten Island, New York. (See SAC, Docket Entry No. 29, ¶ 9) Plaintiff gave birth in January 2019, applied for and was granted a leave of absence, and returned from maternity leave on April 2, 2019. (Id. ¶¶ 10-12) After her return, Plaintiff applied for, and received a transfer to a different position (Picker) to accommodate her childcare conflicts. (Id. ¶¶ 13-14)

One day in April 2019, she moved several heavy items and claims she felt pain to her various parts of her body. (Id. ¶ 18) The next day she saw that she was assigned to the same location, and told her manager that she had just come back from maternity leave, and purportedly "could not endure such an intensive job." (Id. ¶ 19) Her manager, Rafael, purportedly did not agree that maternity leave was a sufficient reason for an accommodation or assignment to light duty or to be removed from the first floor. (Id. ¶ 20)

---

[1] Amazon.com, Inc. is mis-named as a party to this action.

littler.com

Plaintiff claims that she realized could not remain in the Picker position and requested a transfer to other department at various points from April 2019 through September 2019 through Amazon A to Z website, but all such requests were denied. (Id. ¶¶ 21-23) Plaintiff also alleges that she was assigned to Tommy as her next manager and he sometimes agreed to allow Plaintiff to work outside the Picking department. Plaintiff does not allege that she put Tommy on notice of a disability or that she specifically asked for an accommodation. In June 2019, a "PA" allegedly told Plaintiff she had a good reason for light duty because she had returned form maternity leave but that another PA who purportedly "declined postpartum" was a good reason for going light duty. (Id. ¶¶ 30-31)

Plaintiff claims that she continued to suffer pain on various parts of her body, eventually leading her to obtain treatment at the onsite center on August 13, 2019. (Id. ¶ 35) On September 5, 2019 Plaintiff was diagnosed with injuries and took medical leave. (Id. ¶ 37)

## II. Plaintiff's Negligence Claim Is Barred by NY Workers' Compensation Law

Plaintiff claims she was injured as a result of Defendant's purported negligence because it "disregard[ed] only athlete[s] or the employees who are energetic as athlete[s] can fulfill the [picker] position requirement". (SAC ¶ 122) It is well-settled that workers' compensation benefits are the sole and exclusive remedy of an employee against her employer for injuries sustained in the course of employment. This precludes Plaintiff's negligence claim. See Weiner v. City of N.Y., 19 N.Y.3d. 852 (2012). Plaintiff complains that the picker position is allegedly inherently hazardous and taxing on the body and that Defendant allegedly failed to protect her from those dangers. But an employer's duty to exercise reasonable care "does not extend to hazards which are part of or inherent in the very work being performed." Vega v Restani Constr. Corp., 18 N.Y.3d 499, 506-507 (2012). Thus, Plaintiff fails to state a claim. Similarly, all of Plaintiff's claims for alleged damages, SAC § ¶¶ 101-112, 17, except perhaps her claim for emotional distress damages (supposedly arising from the purported failure to accommodate), should be dismissed as they all flow from Plaintiff's negligence claim of workplace injuries.

## III. Plaintiff's Failure to Accommodate Claims Should be Dismissed

Plaintiff proceeds on the presumption that being in a postpartum period itself either constitutes a disability or warrants an accommodation and is alone enough to put someone on notice that she had qualifying condition requiring an accommodation. None is true.

To maintain a failure to accommodate claim, an employee must show that: "(1) [she] is a person with a disability under the meaning of the [the statute]; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, [the employee] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." McBride v. BIC Consumer Prods. Mfg. Co., Inc., 583 F.3d 92, 97 (2d Cir.2009). Plaintiff does not allege a "pregnancy-related condition" (NYSHRL) or "related medical condition" (NYCHRL) as defined by the statutes, because she fails to articulate an inhibited "normal bodily function", *i.e.*, Plaintiff hasn't alleged that she suffered an impairment from her pregnancy.

Plaintiff devotes a substantial portion of the SAC to quoting or paraphrasing literature on the effects to a person's body and the various medical conditions a woman *may* experience during pregnancy or in the postpartum period following childbirth. (SAC ¶¶ 44-63) But Plaintiff does not claim to have had even one of the cited conditions, let alone one that impaired a bodily

function. When Plaintiff returned to work, the only complication she had related to Amazon was her childcare scheduling conflicts. As Plaintiff's prior counsel conceded during the first premotion conference, Plaintiff had no diagnosis of any pregnancy-related condition, and Plaintiff alleges none here. While Plaintiff need not have a medical diagnosis to establish the existence of a qualifying condition, she alleges no facts suggesting she had a disability or pregnancy-related condition that was manifest (e.g., broken arm) or nonvisible impairments entitling her to an accommodation. See Eisenberg v. County of Nassau, No. 18-CV-1742 (JMA) (SIL), 2019 WL 4247283, at *3 (E.D.N.Y. Aug. 30, 2019) (dismissing failure to accommodate claims where "[plaintiff] alleges that … she underwent four surgeries due to breast cancer, but fails to allege how these surgeries rendered her disabled"). Plaintiff does not allege that there were other life activities she could not perform on account of being in the postpartum period. To that contrary, as Plaintiff acknowledged from the outset of the case, Plaintiff believed she could perform all the duties of a Picker without any accommodation and, in fact, she at one point exceeded expectations. (Compl., D.E. No. 1, ¶¶ 30-31, 33-34; SAC ¶ 17) To date, Defendant has not uncovered caselaw holding that the postpartum period itself constitutes a "disability" or pregnancy-related condition. Because Plaintiff has failed to allege a pregnancy-related impairment to a bodily function, Plaintiff's accommodation claims fail on this basis alone and should be dismissed.

Similarly, telling her manger (allegedly) she had returned from maternity leave or other colleagues she was in the "postpartum period" does not place any one on notice of the existence of a disability or qualifying condition requiring accommodation. All Plaintiff alleges is that the job was strenuous and that she told her first manager that she could not endure such a position. (Id. 18-19) She does not allege she informed him of an impairment that limited her ability to perform the work. Moreover, generic comments that she experienced pain from doing heavy lifting or that the job was arduous would not have put any one on notice that Plaintiff needed an accommodation. The alleged comments were unremarkable; pain from manual labor is inherent to the labor-intensive Picker position, about which Plaintiff addressed at length. (See ¶¶ 64-99)

Moreover, Plaintiff's standard transfer requests also failed to place any person receiving the request on notice for the need for an accommodation for a disability or other qualifying condition, and she does not allege that she stated in any of those requests her need to be transferred as an accommodation. See Turcotte v. Comcast Cable Commc'ns Mgmt., LLC, No. 17-CV-150-PB, 2019 WL 635409, at *12 (D.N.H. Feb. 14, 2019) ("it is not a reasonable inference that a large company like Comcast would intuit that her applications, submitted via regular channels, doubled as requests for an accommodation"), *appeal dismissed*, 2019 WL 5598352 (1st Cir. July 3, 2019). Similarly, while she asked a HR member how to initiate a transfer to a different department (SAC ¶ 23), she does not allege that she told the HR member she was seeking a transfer because of an alleged disability or pregnancy-related condition.

Plaintiff also makes clear that no accommodation would have allowed her to perform the functions of a Picker. She claims that "less than 30% of the pickers can fulfill minimum requirement[s]" and that Defendant "disregard[ed] only athelete[s] or the employees who are energetic as athelete[s] can fulfill the position requirement". (Id. 121-122). Thus, Plaintiff could not perform the essential functions of the job and therefore is not a qualified individual under the disability laws.

                                                  Respectfully submitted,

                                                  /s/
                                              Eli Z. Freedberg
                                              Gary Moy
                                              *Attorneys for Defendant*

Cc: Plaintiff pro se (via ECF, email @ lyy9338@gmail.com)