UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ X
YUYAN LIN,

              Plaintiff,

    -against-

AMAZON.COM, INC. and AMAZON.COM
SERVICES, LLC,

              Defendants.
------------------------------------------------------ X

No. 21-cv-06203 (KAM) (MMH)

**STIPULATED CONFIDENTIALITY AGREEMENT, CLAWBACK AGREEMENT AND <u>PROTECTIVE ORDER</u>**

WHEREAS, Plaintiff Yuyan Lin ("Plaintiff") and Defendant Amazon.com Services, LLC[1] ("Defendant" or "Amazon"), the parties in the above-captioned matter, have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials; and

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information" and "Highly Confidential – Attorney's Eyes Only Information" (as defined below) will be disclosed only as provided herein.

WHEREAS, the parties may be required to produce large volumes of Documents during the course of this litigation. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Protective Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally

---

[1] By way of reminder, Amazon.com, Inc. did not employ Plaintiff and was misnamed as a party to this action.

recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, FRCP 26, or other applicable privilege:

(a) was not inadvertent by the Producing Party;

(b) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c) that the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or

(d) that such disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Protective Order is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date the party's counsel have, or a *pro se* party has, signed it, even if such execution occurs prior to the Court's approval.

THEREFORE, the parties seek the entry of an Order governing the disclosure of documents and information therein pertaining to Confidential Information and Highly Confidential – Attorney's Eyes Only Information on the terms set forth herein, as well as an Order governing the return of inadvertently produced documents and data and affording them the protections of the Federal Rules of Civil Procedure ("FRCP") and the Federal Rules of Evidence ("FRE"), on the terms set forth herein, as well as an Order governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

Accordingly, the parties hereby STIPULATE, and the Court hereby ORDERS the following:

1. This Protective Order will be entered pursuant to FRCP 26, and FRE 502(d) and (e).

2. "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only

Information" in connection with depositions, document production or otherwise, or the party or non-party asserting the confidentiality privilege, as the case may be.

3. "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" in connection with depositions, document production, subpoenas or otherwise.

4. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall not constitute the voluntary disclosure of such Documents as long as the party provides a designation of such Document as "privileged" within 120 days of the date of the production.

5. In the event that a designation is not made within 120 days, such does not prevent the Producing Party from making a claim of privilege as to a document by application to the Court upon motion.

6. In the event that a document is deemed privileged under the terms of this agreement, the disclosure or production of any Document produced in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in waiver, including subject matter waiver, of any kind.

7. If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document(s)"):

    (a) the Receiving Party shall:

        (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;

        (ii) immediately notify the Producing Party in writing that it has discovered a Document believed to be privileged or protected;

        (iii) specifically identify the Protected Document by Bates number range or hash value; and

(iv) subject to the provisions of paragraph iv(b) below, upon receiving notice from the Producing Party that an assertion of privilege is being made, the Receiving Party shall sequester all copies of such Protected Document, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, (a) The Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents; and (b) If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the New York Civil Practice Law and Rules and/or Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection. If the Receiving Party agrees that the entire document is privileged, it shall destroy the document. If it does not agree that the document is properly privileged, the Receiving Party may make an application to the Court for a ruling on whether the document is properly privileged.

8. If, during the course of this litigation, a party determines it has produced a Protected Document:

(a) The Producing Party may notify the Receiving Party of such inadvertent production in writing and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the New York Civil Practice Law and Rules

and/or Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection; and

(b) The Receiving Party must, within ten days of receiving the Producing Party's written notification described above sequester the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. If the Receiving Party agrees that the document is privileged, it shall destroy the document. If it does not agree that the document is properly privileged, the Receiving Party may make an application to the Court for a ruling on whether the document is properly privileged.

(c) The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.

9. Each party may submit Protected Documents to the Court for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. Provided timely and proper notice, the Receiving Party may not use a Protected Documents until a ruling by the Court that such material is not subject to privilege.

10. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten days of the Court's Order.

11. The Parties assert and stipulate that documents potentially relevant to this litigation contain or constitute proprietary information, such as, compensation plans, company policies,

business contacts, company procedures, or personal information related to current and former employees of Defendant Amazon and their families (including but not limited to SSNs, birth dates, bank account numbers), and other sensitive data and information that is not generally available in the public domain ("Confidential Information"). "Highly Confidential – Attorney's Eyes-Only Information" shall mean any "Confidential Information" that is of such a private, sensitive, competitive, trade secret, or proprietary nature that present disclosure of such information would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party. Subject to otherwise proper objections, the Parties agree to produce such documents in accordance with this Agreed Protective Order ("Protective Order").

12. Any party may mark a document produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-ONLY INFORMATION" if it deems the document contains Confidential Information or Highly Confidential – Attorney's Eyes Only Information, and any such designation may later be objected to by any other party, following the procedure outlined below. A party shall designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-ONLY INFORMATION" only documents that contain material which that party reasonably and in good faith believes is Confidential Information and/or Highly Confidential – Attorney's Eyes Only Information and entitled to protection.

13. No party is obligated to challenge the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-ONLY INFORMATION" at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information, the Parties shall first try to resolve such dispute in good faith. If the dispute cannot be resolved, the challenging party shall move the Court for an order changing the confidential status of such information. In any such motion, counsel or a *pro se* party may attach relevant written letters and emails that the Parties exchanged in an attempt to resolve the matter without the Court's intervention. The information shall be treated as Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information, until such time as the Court rules on the motion.

14. A party disclosing or producing information, documents, or things in this litigation, which it believes to be Confidential Information under the standard provided herein shall so designate by (1) applying the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-ONLY INFORMATION" in a conspicuous place on each page of any copies of the document(s) to be supplied to the other parties, or (2) identifying the document(s) or information with a reasonable degree of specificity in a letter to all other counsel and *pro se* parties and requesting that such documents or information be treated as Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information within the meaning of this Protective Order. Any such designation shall be made at the time of disclosure, or at any time thereafter. Nothing in the Protective Order prevents any party from retroactively designating documents produced prior to this order as Confidential Material.

15. Confidential Material shall be disclosed only to the Parties; the Parties' counsel of record in this litigation (including attorneys of their firms, and secretarial, clerical, and paralegal employees of such counsel); the Court and Court's support staff; witnesses or possible witnesses; testifying or consulting expert witnesses expressly retained by the Parties' counsel for purposes of this lawsuit; stenographers engaged to transcribe depositions conducted in this action; and any outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;. The terms "Parties" in the prior sentence shall refer on the Plaintiff's side to Plaintiff Yuyan Lin and, on the Defendant's side, to in-house counsel for Defendant Amazon and to its agents who are making material decisions regarding case strategy, settlement, or the disposition of the case.

16. Any person, except an attorney representing a party and a party, to whom the Confidential Information or Highly Confidential – Attorney's Eyes-Only Information is shown or to whom information contained in such materials is to be revealed, shall first be required to agree in writing to be bound by the terms of this Protective Order, in the form attached as Exhibit "A" to this Order, which shall be turned over to the undersigned counsel and *pro se* party upon request. As to each person to whom any portion of the Confidential Information or Highly Confidential – Attorney's Eyes-Only Information is revealed or shown pursuant to this Protective Order, such

information may be used only for purposes of litigation in the above-captioned case and may not be used for any other purpose or litigation, unless approved by an order from the Court or stipulation of the parties.

17. Unless otherwise designated during the deposition, all depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately. Deposition testimony may be designated as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information by so advising the court reporter at the time of the deposition. Any party may subsequently designate all or certain portions of a transcript as Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information. In the case of deposition testimony, designation shall be made by notifying all counsel and *pro se* parties in writing of those portions which are to be stamped or otherwise treated as such.

18. Within sixty (60) days of the final conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity that obtained Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information shall assemble it and return it to the party that produced it or, upon written request, certify in writing that it has been destroyed. No originals, copies, summaries or other embodiment of Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall be retained by any person or entity to whom disclosure was made except each party's counsel of record.

Notwithstanding any other provision of this Protective Order:

(a) Counsel of record for the parties may retain copies of any part of the Confidential Information or Highly Confidential – Attorney's Eyes-Only Information produced by others that has become part of the official record or counsel's official file of this litigation as well as abstracts or summaries of materials that reference "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order.

(b) The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential Information or Highly Confidential – Attorney's Eyes-Only Information to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information or Highly Confidential – Attorney's Eyes-Only Information is not returned or destroyed due to the foregoing reasons, such Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information shall remain subject to the confidentiality obligations of this Protective Order. In addition, Plaintiff may retain a copy of Confidential Information or Highly Confidential – Attorney's Eyes-Only Information obtained during the course of this litigation to the extent required by law, regulation or legal process, provided that to the extent any Confidential Information or Highly Confidential – Attorney's Eyes-Only Information is not returned or destroyed due to the foregoing reasons, such Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information shall remain subject to the confidentiality obligations of this Protective Order.

(c) If Confidential Information or Highly Confidential – Attorney's Eyes-Only Information has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

19. Information Security Protection: Any person in possession of another party's Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information, and protect against unauthorized access to or use of such Confidential Information and/or Highly

Confidential – Attorney's Eyes-Only Information. To the extent a person or party does not have an information security program they may comply with this provision by having the Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information managed and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information and/or Highly Confidential – Attorney's Eyes-Only Information, the Receiving Party shall: (1) promptly provide written notice to the designating party of such a breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide the designating party with assurances reasonably satisfactory to the designating party that such breach shall not recur; and (3) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclosure such information, the Receiving Party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the designating party or law enforcement in investigating any such incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

20. Nothing in the Protective Order shall waive or modify any past, present, or future duty regarding confidentiality, if any, which may arise independently, whether by contract or otherwise.

21. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

22. Once executed by all parties, this Protective Order shall be by treated by the parties as an Order of the Court until it is formally approved by the Court.

DATED: ____Nov 2nd_____, 2022

SO STIPULATED:

By: ____*Yuyan Lin*_____
    Yuyan Lin
    lyy9338@gmail.com

*Pro Se Plaintiff*

By: _____
    LITTLER MENDELSON, P.C.
    Eli Z. Freedberg
    Gary Moy
    900 Third Avenue
    New York, New York 10022
    212.583.9600
    efreedberg@littler.com
    gmoy@littler.com

*Attorneys for Defendant*

**SO ORDERED**

*Marcia M. Henry*
_____
Hon. Marcia M. Henry

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
YUYAN LIN,

        Plaintiff,

  -against-

AMAZON.COM, INC. and AMAZON.COM
SERVICES, LLC,

        Defendants.
------------------------------------------------------- X

No. 21-cv-06203 (KAM) (MMH)

## DECLARATION AND AGREEMENT TO BE BOUND BY THE STIPULATED CONFIDENTIALITY AGREEMENT, CLAWBACK AGREEMENT AND PROTECTIVE ORDER

1. My name is _____.

I live at and can be contacted at _____

_____.

I am employed as _____ (state position)

by _____ (state name and

address of employer).

2. I am aware that a Stipulated Confidentiality Agreement, Clawback Agreement and Protective Order (the "Protective Order") has been entered in the above case by the Court, and a copy thereof has been given to me. I have read and understand the terms of the Protective Order. I agree to be bound by the terms of the Protective Order.

3. I promise that the documents and information designated as "Confidential" and/or "Highly Confidential – Attorney's Eyes-Only Information" pursuant to the Protective Order in this case will be used by me only in connection with the litigation of the above-captioned matter, and shall be returned and/or destroyed at the completion of this action.

4. I understand that any use or disclosure of information obtained by me from material marked "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information" in any manner contrary to the provisions of the Protective Order could subject me penalties for contempt.

5. I agree to submit myself to the personal jurisdiction of the United States District Court for the Eastern District of New York in connection with any proceedings concerning the Stipulation and Protective Order.

Dated: _____

_____
(Signature of Declarant)