MANDATE

United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-five.

Present:
        Robert D. Sack,
        Joseph F. Bianco,
        Sarah A. L. Merriam,
            *Circuit Judges*.

_____

Yuyan Lin,

            *Plaintiff-Appellant*,

v.                                                          24-3085

Amazon.com, Inc., Amazon.com Services, LLC,

            *Defendants-Appellees*.

_____

Appellant, proceeding pro se, moves for in forma pauperis ("IFP") status and for an extension of time to appeal. Appellant's IFP motion is DENIED as unnecessary because the district court already granted IFP status for appeal. *See* Fed. R. App. P. 24(a)(2).

However, after an independent review of this matter, we have determined that the notice of appeal was untimely filed. Upon due consideration, it is hereby ORDERED that the appeal is DISMISSED for lack of jurisdiction. *See* 28 U.S.C. § 2107; *Bowles v. Russell*, 551 U.S. 205, 214 (2007). It is further ORDERED that Appellant's motion for an extension of time to file the appeal is denied because we lack the power to grant that request. *See* Fed. R. App. P. 26(b)(1); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).

Finally, we note that in her motion for an extension, Appellant asserts that she also seeks to appeal the district court's denial of an extension. Thus, the motion could be construed as a notice of appeal, challenging the district court's denial of Appellant's request for an extension of the deadline to file an appeal. *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam). But even if we were to construe the motion as a notice of appeal, that appeal from the

MANDATE ISSUED ON 04/23/2025

denial of an extension would be dismissed because it would "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit